**PATRICK M. DUGGAN**
**Senior Trial Attorney**
**Environmental Crimes Section**
**U.S. Department of Justice**
**150 M ST. NE,**
**Washington, D.C. 20002**
**Phone: (202) 598-9569**
**Fax: (202) 514-8865**
**Email: Patrick.Duggan@usdoj.gov**

**SARAH M. BROWN**
**Trial Attorney**
**Environmental Crimes Section**
**U.S. Department of Justice**
**150 M ST. NE,**
**Washington, D.C. 20002**
**Phone: (202) 532-3144**
**Fax: (202) 514-8865**
**Email: Sarah.Brown2@usdoj.gov**

**JEFFREY K. STARNES**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. N., Suite 300**
**Great Falls, MT  59401**
**Phone: (406) 761-7715**
**Fax:  (406) 453-9973**
**Email:  jeff.starnes@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**ARTHUR "JACK" SCHUBARTH,**<br><br>Defendant. | **CR 24-06-GF-BMM**<br><br><br>**PLEA AGREEMENT**<br>(*Fed. R. Crim. P.* **11(c)(1)(A) & (B)**) |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Patrick M. Duggan and Sarah M. Brown of the United States Department of Justice Environmental Crimes Section, and Jeffrey K. Starnes, Assistant United States Attorney for the District of Montana, and the defendant, ARTHUR "JACK" SCHUBARTH, and the defendant's attorney, Jason Holden, Esq., have agreed upon the following:

1.   **Scope:** This plea agreement is between the Environmental Crimes Section of the United States Department of Justice, the United States Attorney's Office for the District of Montana, and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.   **Charges:** The defendant agrees to plead guilty to the Information, which charges one count of Conspiracy to violate the Lacey Act, 18 U.S.C. § 371, and one count of Lacey Act Trafficking, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2). Both offenses are Class E felonies, and each offense carries a maximum penalty of up to five years of imprisonment, a fine of $250,000 or twice the gross gain or loss, one year of supervised release, and a $100 special assessment.

If the Court accepts this plea agreement, the United States will make the recommendations provided in paragraph 6 below.

3.    **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure.* The defendant acknowledges that the agreement will be fulfilled if the United States:  (a) agrees not to pursue additional charges against the defendant; and (b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.    **Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charge as stated in the Information. In pleading guilty, the defendant acknowledges:

As to Count One (Conspiracy):

- First, that two or more persons agreed to commit an offense against the United States, namely, the trafficking and false labeling provisions of the Lacey Act;

- Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish the object;

- Third, at least one of the members of the conspiracy performed at least one of the overt acts for the purpose of carrying out the conspiracy.

As to Count Two (Lacey Act Trafficking):

- First, the defendant knowingly acquired, received, purchased, sold and transported wildlife, namely wild-harvested bighorn sheep parts, in interstate commerce.

- <u>Second</u>, the defendant knew that the wildlife, had been taken, possessed, transported, and sold in violation of Montana law and regulation;

- <u>Third</u>, the market value of the wildlife was greater than $350;

- <u>Fourth</u>, the defendant did knowingly engage in conduct that involved the sale, purchase, and offer to sell and purchase, the wildlife.

### 5.    **Waiver of Rights by Plea:**

(a)    The defendant is entitled to have the charges outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent, and the Court must approve a non-jury trial.

(e)    The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)      If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.



AUSA      DEF      ATTY      Date

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.



| KAP | | | 2-1-24 | |
| AUSA | DEF | ATTY | Date | Page 6 |

6.     **Recommendations:** The United States will recommend the defendant's offense level be decreased by three levels for acceptance of responsibility, pursuant to USSG § 3E1.1, unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG § 3C1.1, or acted in any way inconsistent with acceptance of responsibility.

Furthermore, the parties stipulate and agree, and the United States will recommend at sentencing the following sentencing guideline provisions apply:

- USSG § 2Q2.1(a):  the base offense level is 6 because the offense involved wildlife;

- USSG § 2Q2.1(b)(1):  the offense level should be increased by 2 levels because the offense was committed for pecuniary gain or otherwise involved a commercial purpose;

- USSG § 2Q2.1(b)(2):  the offense level should be increased by 2 levels because the offense involved wildlife that was not quarantined as required by law; or otherwise created a significant risk of infestation or disease transmission potentially harmful to humans, fish, wildlife, or plants; and

- USSG § 2Q2.1(b)(3):  the offense level should be increased by 12 levels because the fair market retail value of the wildlife exceeded $250,000 but did not exceed $550,000.

The parties also stipulate and agree that the United States will recommend at sentencing a sentence at the low end of the U.S. Sentencing Guidelines.

Pursuant to 34 U.S.C. § 20101(b)(1)(A)(ii), any fine imposed by the Court in this matter is required by law to be directed by the Clerk of the Court to the Lacey Act Reward Fund and may be sent to the following address:  Lacey Act Reward

Fund, USFWS, Cost Accounting Section, P.O. Box 272065, Denver, CO 80227-9060, with the note "Case No. [the case number]."

In light of the inherent difficulty of redressing environmental crimes, the parties agree that if the Court imposes a criminal fine, the Court may impose, pursuant to 18 U.S.C. § 3563(b)(12) and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a), an obligation to perform community service through a payment by the defendant. Specifically, within 30 days of sentencing, the defendant shall make a community service payment of not more than one-quarter of the criminal fine to the National Fish and Wildlife Foundation ("NFWF"). NFWF is a congressionally chartered nonprofit organization, established by 16 U.S.C. §§ 3701-3710, for the purpose of furthering conservation and management of fish, wildlife, plants, and other natural resources. Specifically, NFWF may receive funds as ordered by Courts from federal criminal judgments and provide those funds, pursuant to specific project guidelines, as grants to third parties. The grants must have a strong connection to the underlying violation of federal law at issue, and the government shall not retain post-judgment control over the disposition or management of the funds.

In this matter, funds paid for community service shall be used solely to pay for projects or activities that support the re-homing, placement, transport, housing, rehabilitation, and caring for wildlife that is seized pursuant to law enforcement

| | | | 2-1-24 |
|---|---|---|---|
| AUSA | DEF | ATTY | Date |

function, but which cannot be held by law enforcement or its client agencies. Projects or activities that involve the re-homing, placement, transport, housing, rehabilitation, and/or care of wildlife not traditionally considered revenue-generating or "charismatic mega-fauna," such as, but not limited to, sheep, goats, elk, deer, fowl, and ruminants, shall be prioritized for funding.

Payment to NFWF shall be sent to the following address: National Fish and Wildlife Foundation, Attn: Chief Financial Officer, 1133 15th Street NW, Suite 1100, Washington DC, 20005, with the case number specified in the note field of the check.

NFWF shall use best efforts to obligate the community service funds to appropriate projects, activities, and initiatives within three years of the date of entry of judgment. Each payment recipient shall prepare annual reports and a comprehensive final report, which shall be transmitted to the Environmental Crimes Section within 12 months of sentencing. Each report shall detail how funds were expended, goals, progress, results, and future plans. Acceptance of the payments constitutes acceptance of the conditions and scope on the payments' use. In addition, the defendant shall not seek or accept any tax offset or reduction for the community service payments, nor may the defendant seek any marketing, advertising, or public relations benefit from the payments. Unless otherwise ordered by the Court, payment shall be made by cashier's or certified check, and

the defendant shall file a Notice of Proof of Payment with the Court within 30 days of sentencing.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

**7.** **Cooperation:** The defendant understands and agrees that this plea agreement is dependent upon his full and complete cooperation with the United States government. Full cooperation means the defendant understands and agrees to:

(a) Provide complete, truthful, forthright, material, important, valuable, and meaningful information to the best of the defendant's knowledge and belief bearing on any subject inquired of the defendant by the Court, the United States Attorney's Office, the Grand Jury, or any federal, state, or local investigative agency, and

(b) Provide complete, truthful, and forthright testimony if called upon in any proceeding before a court or grand jury.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statements, obstruction of justice, or perjury. **The defendant further understands that if he fails to provide full cooperation as described above, the United States will be fully relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.**

**8.**     **Sentencing Guidelines:**  Although advisory, the parties agree that the

U.S. Sentencing Guidelines must be applied, and a calculation determined, as part

of the protocol of sentencing to determine what sentence will be reasonable.

**9.**     **Containment of Contraband:**

(a)     Defendant agrees to quarantine any hybrid sheep species containing

Marco Polo Argali (*Ovis ammon polii*) genetics in his possession and any bighorn

sheep specimens that were harvested from the wild in Montana. Defendant also

agrees to allow members of the United States Fish and Wildlife Service, or their

designee, to inspect and, if deemed advisable, neuter such species. Finally,

Defendant agrees to submit necropsy reports to the United States Fish and Wildlife

Service for these animals upon their death. Defendant agrees that he will provide a

full and truthful accounting of the species in his possession.

**10.**     **Non-Prosecution of Additional Offenses:**  As part of this plea

agreement, the Environmental Crimes Section of the United States Department of

Justice and the United States Attorney's Office for the District of Montana agree

not to prosecute defendant for any additional offenses known to them as of the

acceptance of this plea agreement based on evidence in their possession at this

time, and that arise out of the conduct giving rise to this investigation. In this

regard, the defendant recognizes the United States has agreed not to prosecute all

the criminal charges the evidence establishes were committed by the defendant

solely because of the promises made by defendant in this plea agreement.

Defendant agrees, however, that for purposes of preparing the Presentence Report,

the Environmental Crimes Section will provide the United States Probation Office

with evidence of all conduct committed by the defendant.

**11.    Waiver of Appeal of the Sentence – Conditional:**  The defendant

understands the law provides a right to appeal and collaterally attack the sentence

imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. The

prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this

agreement the defendant waives the right to appeal or collaterally attack any aspect

of the sentence, including conditions of probation or supervised release, if the

sentence imposed is within or below the Guideline range calculated by the Court,

regardless of whether the defendant agrees with that range. This waiver includes

challenges to the constitutionality of any statute of conviction and arguments the

admitted conduct does not fall within any statute of conviction. This waiver does

not prohibit the right to pursue a collateral challenge alleging ineffective assistance

of counsel. The United States waives its right to appeal any aspect of the sentence

if the sentence imposed is within or above the Guideline range calculated by the

Court.

The defendant also waives the right to appeal any aspect of a sentence

imposed below or within the Guideline range upon a revocation of supervised

release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

12. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

13. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

14. **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency



AUSA   DEF   ATTY   Date   2-1-24

of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.    **Agreement as to Restitution:**  The defendant acknowledges that although the United States has not identified victims that were harmed as a result of the defendant's conduct and is therefore not seeking restitution as part of this plea agreement or at sentencing, the Court may nonetheless impose restitution for his conduct in this case as authorized by law. The defendant agrees to pay complete restitution to the victims. The amount of loss to each victim caused by the defendant's criminal conduct will be determined at the sentencing hearing. The defendant agrees that this amount of restitution may be imposed in the judgment.

The defendant agrees this restitution includes all losses caused by the defendant's criminal conduct and relevant conduct, even if such losses resulted from counts dismissed, crimes not charged, or crimes not admitted by the defendant in the factual basis supporting his plea. 18 U.S.C. § 3663A(a)(3). The defendant reserves the right to challenge the nature and extent of the relevant conduct described above. USSG. § 1B1.2(c). The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to,

collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties or restitution are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that it is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.

**16.** **Breach:** If the defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the Environmental Crimes Section of the United States Department of Justice and the United States Attorney's Office for the District of Montana are relieved of their obligations under this agreement, but the defendant may not withdraw the guilty plea.

**17.** **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or



AUSA    DEF    ATTY    Date

Page 15

representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Div.

JESSE A. LASLOVICH
United States Attorney

By: _signature_ for
PATRICK M. DUGGAN
Senior Trial Attorney
SARAH M. BROWN
Trial Attorney
Environmental Crimes Section
Date: 2/1/24

By: _signature_
JEFFREY K. STARNES
Assistant United States Attorney
Date: 2/1/24

_signature_
Arthur "Jack" Schubarth
Defendant
Date: 2-1-2024

_signature_
Jason Holden, Esq.
Defense Counsel
Date: 2-1-2024